## UNITED STATES DISTRICT COURT
### FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO. |
| ALLAN A. MYERS, INC. ) (SUBSIDIARY OF AMERICAN ) INFRASTRUCTURE INC., ) WORCESTER, PA) ) ) | **COMPLAINT** **JURY TRIAL DEMANDED** |
| Defendant. ) ) | |

### NATURE OF ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to William Witman, who was adversely affected by such practices. As set forth with greater particularity in Paragraph 8 below, the Commission alleges that on or about December 8, 2003, Defendant Allan A. Myers, Inc. discriminated against William Witman because of his disability, when it terminated him from his position as Heavy Equipment Operator. Specifically, the Commission contends that Mr. Witman was discharged after he informed Defendant about his medical condition, and the progress of his treatment. Defendant immediately terminated Mr. Witman because he was disabled. Because of the discriminatory discharge, Mr. Witman suffered severe emotional distress and backpay damages.

1

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission, (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendant, Allan A. Myers, Inc.,  (the "Employer"), a Pennsylvania corporation, has continuously been doing business in the Commonwealth of Pennsylvania and the City of Worcester, and has continuously had at least fifteen employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant Employer has been a covered entity under Section

2

101(2) of the ADA, 42 U.S.C. § 12111(2).

STATEMENT OF CLAIMS

7.    More than thirty days prior to the institution of this lawsuit, William Witman filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.    Since at least December 8, 2003, Defendant Employer has engaged in unlawful employment practices at its Worcester, Pennsylvania facility in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a), by terminating Charging Party William Witman, a qualified individual with a disability, from his employment because of his disability. The alleged unlawful practices include the following:

(a)    William Witman began working for Defendant Employer in 1985. He resigned in 1990, and was re-hired in 1992 as a Heavy Equipment Operator.

(b)    At all relevant times, Mr. Witman has had satisfactory performance, as demonstrated by positive performance evaluations. Defendant's Superintendents frequently requested to have Mr. Witman work on their crews because his work was superior and productive and he was able to operate various pieces of equipment.

(c)    In January 2003, Mr. Witman was diagnosed with Chronic Hepatitis C, a contagious disease. He immediately advised management and his co-workers about his diagnosis. Charging Party explained to management and his co-workers how the condition could affect him and any potential danger to employees who came into contact with Mr. Witman, in the event he was cut and bleeding.

(d)    Mr. Witman also informed Defendant's Human Resources Office of his condition

3

and provided a doctor's note, which stated that Mr. Witman's treatment and condition could cause him to miss some time from work.

(e)     Mr. Witman's disability substantially limited the major life activities of sleeping, eating, and mental concentration, as well as other major life activities. In May, 2003, Mr. Witman started treatment for his condition which further caused severe nausea, fatigue, and impaired his sleeping, eating, and concentration.   His treatment ended in April 2004.

(f)     On or about November 26, 2003 at Defendant's work site, Mr. Witman informed Defendant Employer's Owner, Ross Myers, about his condition and the progress he was making with his treatment. Upon hearing this information, Mr. Myers became noticeably uncomfortable , quickly moved away from Charging Party and hurriedly left the work site.

(g)     On December 8, 2003, two weeks after Mr. Witman informed Defendant's owner about his disability, General Superintendent Dan Kell and James Newnam, Construction Manager, informed Charging Party that  he was being permanently laid off, stating that he did not "fit the future image" of Defendant Employer, and that the company was downsizing.

(h)     Shortly after December 8, 2003, Defendant's Human Resources Manager Robert Capps told Charging Party that he was being discharged because no other "employee wanted to work with him", and that there was no where to place him.

(i)     Despite Defendant Employer's claim that Mr. Witman was laid-off because the company was "downsizing", only one other employee was terminated at the same time as Mr. Witman, Foreman Adam Long. Defendant subsequently hired persons to fill the position held by Mr. Witman.   During the relevant time, Mr. Witman's performance was not deemed deficient by Defendant.

9.    The effect of the practices complained of in Paragraph 8 (a) through (i) above has been to deprive William Witman of equal employment opportunities and otherwise adversely affect his status as an employee because of his actual disability, Hepatitis C.

10.    The unlawful employment practices complained of in Paragraph 8 (a) through (i) above were intentional.

11.    The unlawful employment practices complained of in Paragraph 8 (a) through (i) above were done with malice or with reckless indifference to the federally protected rights of William Witman.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating against disabled employees, who suffer from contagious diseases, and from engaging in employment practices which discriminate on the basis of a disability.

B.    Order the Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to make whole William Witman, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.    Order Defendant Employer to make whole William Witman by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices

5

described in Paragraph 8 (a) through (i) above, including but not limited to job search expenses, medical expenses, insurance expenses, and missed housing payments and related expenses, in amounts to be determined at trial.

E.    Order Defendant Employer to make whole William Witman by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in Paragraph 8 (a) through (i) above, including emotional pain and suffering, anxiety, depression, stress, and loss of self-esteem, in amounts to be determined at trial.

F.    Order Defendant Employer to pay William Witman punitive damages for its malicious and reckless conduct, as described in Paragraph 8 (a) through (i) above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs in this action.

6

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

JACQUELINE H. McNAIR
Regional Attorney

IRIS SANTIAGO-FLORES
Acting Supervisory Trial Attorney

WOODY ANGLADE
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
21 South 5th Street, Suite 400
Philadelphia, Pa. 19106
Telephone: (215) 440-2814

7